# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JAMES RODGERS                                                                                            PLAINTIFF

v.                                           4:15CV00028-JMM-JJV

EDWARDS, Captain, White
County Detention Center; *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### **DISPOSITION**

**I.    INTRODUCTION**

James Rodgers ("Plaintiff") filed this *pro se* action, pursuant to 42 U.S.C. § 1983, claiming Defendants violated his constitutional rights. (Doc. No. 8.) After careful review of the documents submitted by Plaintiff, the Court concludes that his Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**II.    SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

Plaintiff alleges that Judges Pate and Derrick subjected him to "Double Jeopardy" with respect to a 2011 traffic ticket and a 2011-2012 child support case. (Doc. No. 8 at 4.) He also claims that Defendants Jill, Edwards, Drew, Jones, Simms, Walker, Reed, and Crenshaw denied him constitutionally adequate medical care when they failed to provide him with x-rays for spine and hip injuries. (*Id*. at 4.)

#### A.   Judges Pate and Derrick

Judges are immune from suit for money damages unless their actions were non-judicial or taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).[1] Here, Plaintiff does not indicate that either Judges Pate or Derrick took non-judicial action against him or acted in the absence of jurisdiction. Rather, he appears to allege that, in their judicial capacity, they wrongly ordered him imprisoned on three occasions over a five-year period. (Doc. No. 8 at 4.) Plaintiff's alleged disagreement with the Judges' rulings is insufficient to overcome judicial immunity. Accordingly, his claims against these Defendants should be dismissed.

#### B.   Defendants Jill, Edwards, Drew, Jones, Simms, Walker, Reed and Crenshaw

Plaintiff alleges the foregoing eight Defendants exhibited deliberate indifference to his medical needs. (*Id*.) Plaintiff made similar allegations in his original Complaint, but failed to

---

[1]Plaintiff brings this action seeking $300,000 in damages. (Doc. No. 8 at 5.)

specify in what constitutional misconduct each of these Defendants engaged. The Court, unable to decipher his claims, offered him a chance to amend with instructions to be specific as to each Defendant's alleged wrongdoing. (Doc. No. 3.) Plaintiff's Amended Complaint has not remedied this deficiency. Instead, Plaintiff conclusorily alleges that all of the Defendants, medical staff and correctional officers alike, failed to provide him with x-rays or transport him to the county hospital. (Doc. No. 8 at 4.) He provides no factual context for his allegations and has failed to comport with the standard articulated in *Twombly*. It is insufficient, even for a *pro se* complaint, to plead only an alleged injury and a list of vaguely associated names.[2] Absent adequately plead claims against them, these Defendants should be dismissed.

### C. White County Detention Center

Plaintiff's allegations against the White County Detention Center also fail to state a claim upon which relief can be granted. It is settled law that departments or divisions of local government are "not juridical entities suable as such." *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).

### D. Defendants Ervin, Vaughn, McCoy, Doe, Ramsey, Baldwin

Plaintiff was cautioned that only claims properly set out in his Amended Complaint would be allowed to proceed. (Doc. No. 3.) Plaintiff makes no reference to the above mentioned Defendants in his Amended Complaint and they will be dismissed on that basis.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 8) be DISMISSED without prejudice for

---

[2]If Plaintiff has specific allegations which he did not include in his Amended Complaint, he may offer them in his objections to this recommendation.

failure to state a claim upon which relief may be granted.

    2.       Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

    3.       The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 12th day of February, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

5